RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  8/25/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEREMIAH FLOWERS #95249-004 | DOCKET NO. 1:14-CV-2343; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* petition for writ of habeas corpus of Jeremiah Flowers, filed pursuant to 28 U.S.C. §2241. Petitioner is in the custody of the federal Bureau of Prisons, incarcerated at the Federal Correctional Institution at Pollock, Louisiana. Petitioner challenges a disciplinary conviction that resulted in the loss of good-time, disciplinary segregation, and the loss of privileges. Petitioner requests that the disciplinary conviction be expunged and that his good-time be restored.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Procedure*

Petitioner received an incident report on December 20, 2013, charging him with fighting in violation of prison code on November 27, 2013. [Doc. #1, p.18] Petitioner was advised of his rights on December 24, 2013. A Disciplinary Hearing Officer (DHO) hearing was held on January 9, 2014. [Doc. #1, p.18] Based on a written staff memorandum, medical records, photographs, and SIS investigations, it was determined that Petitioner had been involved

in a physical and verbal altercation with another inmate. Petitioner suffered multiple superficial lacerations to the face, forearm, and back. The other inmate sustained a contusion to the left side of his face, and required sutures in his lips. [Doc. #1, p.19]

### *Law and Analysis*

Petitioner claims there is insufficient evidence to support his disciplinary conviction. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. Id. at 536-37.

The DHO considered Petitioner's denial of having been involved in a fight. However, the DHO gave greater weight to the staff member's account of the incident, as well as the medical assessments, photographs, and an SIS investigation. The written report of the officer stated that an SIS investigation concluded that Petitioner and another inmate were involved in an altercation on November 27, 2013, in a TV room. The altercate started off as verbal, over the inmate changing the channel while Petitioner was watching a movie. Petitioner then stood up, and the other inmate

grabbed Plaintiff by the neck. Petitioner and the inmate then engaged in a physical altercation, until they were separated by other inmates. [Doc. #1, p.19] The information provided in the written incident report and the SIS investigation indicate that there is "some evidence" in support of the DHO's findings and the petitioner's conviction. See <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445 (1983).

*Conclusion*

The Court has given Flowers's petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter, as there is "some evidence" of guilt.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

Habeas Corpus be **DENIED AND DISMISSED** with prejudice.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 27th day of August, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE